Filed 11/20/25  Marriage of Rattan and Prasad CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re the Marriage of KOMAL RATTAN and ABHIJIT PRASAD. | |
| KOMAL RATTAN et al, <br><br> Respondents, <br><br> v. <br><br> ELANA THIBAULT, <br><br> Appellant. | A172697 <br><br> (Alameda County Super. Ct. No. VF07356209) |

### MEMORANDUM OPINION

This appeal arises out of Komal Rattan and Abhijit Prasad's marital dissolution.[1]  In July 2018, Rattan asked the trial court to disqualify — based on a conflict of interest — and sanction Prasad's attorney, Elana Thibault.  After a two-day hearing, the court disqualified Thibault, struck her pleadings, and imposed $5,000 in sanctions.  It ordered Rattan's counsel to

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We need not delve into the dissolution's long history — the register of actions is presently 161 pages long and spans 18 years — to decide this appeal.  Rattan did not file a respondent's brief, so we decide this matter on the record, the opening brief, and appellant's oral argument.  (Cal. Rules of Court, rule 8.220(a)(2).)

1

prepare a written order, and it ultimately approved and filed the order in January 2019 (2019 order).

A bit more detail: in May 2018, "Prasad filed a substitution of attorney form naming Thibault as his new counsel." (*In re Marriage of Rattan and Prasad* (Sept. 24, 2020, A157880) [nonpub. opn.].)[2] "Rattan objected . . . based on a conflict of interest created by Thibault's employment with Rattan's former attorney." (*Ibid.*) In her motion to disqualify Thibault, Rattan explained "she retained Anu Peshawaria in 2008 to represent her in these dissolution proceedings and related domestic violence cases. Peshawaria represented and advised Rattan in regards to the family law proceedings for somewhere between three and six months, but ultimately Rattan became dissatisfied with her and retained new counsel. Thibault later worked as an attorney in Peshawaria's office." (*Ibid.*) Rattan learned Peshawaria was not licensed to practice law in California, but "Peshawaria held herself out as an attorney and Rattan reasonably believed her to be so." (*Ibid.*) At the conclusion of the July 2018 hearing, the trial court granted the motion to disqualify Thibault. (*Ibid.*) It filed its written order in January 2019.

Thibault has repeatedly — and unsuccessfully — challenged the 2019 order. Her first appeal (*Rattan v. Prasad* (June 28, 2019, A155472) [nonpub. opn.]) was dismissed because she filed a notice of appeal on Prasad's behalf despite being "disqualified from representing him when she caused it to be filed." In her second appeal (*In re Marriage of Rattan and Prasad*, *supra*, A157880), her disqualification was affirmed, and her appeal of the sanctions

---

[2] We incorporate by reference the factual and procedural background from the opinion and take judicial notice of the court records in the matter. (Evid. Code, § 452, subd. (d).)

2

was dismissed because the sanctions order was not appealable.  Her petition for a writ of mandate (*Thibault v. Superior Court* (Apr. 12, 2022, A164614)) concerning the sanctions was summarily denied.

That brings us to the present appeal.  In March 2024 — more than five years after the trial court issued the 2019 order — Thibault filed a motion to "conform" the 2019 order "to the actual findings pronounced from the bench and reflected in the transcript of the [July 2018] hearing."  The court heard argument in July 2024, determined there were no discrepancies between the oral ruling and the 2019 order, and denied the motion.  It filed its order in January 2025.  Thibault filed this appeal, and we affirm.

Thibault primarily contends the 2019 order "inaccurately represents" the trial court's oral rulings at the July 2018 hearing.[3]  She is wrong.  After conducting a line-by-line review of the order and the relevant transcripts, we conclude — as did the court below — that no material discrepancies appear.  The order contains findings about what took place, identifies the relevant law, and applies that law to the facts in determining disqualification and sanctions were warranted.  In doing so, it reflects the oral findings and rulings made at the July 2018 hearing.  Thibault's assertion of inconsistencies is without merit.  As the court put it when denying her motion to conform, "[t]here may be things that [were] worded differently; but they all have the same meaning.  There is nothing in the [2019 order] that

---

[3] We note Thibault raised this identical claim in her prior appeal, and this court impliedly rejected it.  (*In re Marriage of Rattan and Prasad*, *supra*, A157880.)  Thus, this appeal is arguably barred by the doctrine of issue preclusion.  (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 [issue preclusion "prohibits the relitigation of issues argued and decided in a previous case"].)  But we do not rely on the doctrine and instead address the merits.

ha[s] a different meaning than what was ordered by the Court as reflected in the transcript." We agree.

Thibault also attempts to relitigate the trial court's disqualification and sanctions orders. For example, she contends the court disqualified her using the wrong legal standard, failed to find "a substantial relationship between" the representations, and issued a facially deficient sanctions order. We have no jurisdiction to address these issues as they are outside the scope of the order from which Thibault appealed. (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 [order sought to be reviewed must be specified in notice of appeal].) Moreover, our prior opinion conclusively resolved these issues against Thibault, and she cannot have a second bite at the apple.[4] (*In re Marriage of Rattan and Prasad*, *supra*, A157880; *DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at p. 824.) To that end, we decline her invitation to "withdraw" our prior opinion from five years ago and vacate the court's disqualification and sanction orders.

## DISPOSITION

The trial court's order, filed January 24, 2025, is affirmed. Because Rattan did not file a brief or otherwise make an appearance, no costs are awarded on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

---

[4] Thibault also unsuccessfully raised a number of these arguments in her related attorney discipline proceeding. (*In the Matter of Thibault* (Review Dept. 2023) 6 Cal. State Bar Ct. Rptr. 64, 72.) The proceeding resulted in, among other things, her stayed suspension from the practice of law for one year, probation for one year, and payment of monetary sanctions to the State Bar of California Client Security Fund. (*Id.* at pp. 80–83.)

4

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A172697; *Rattan et al. v. Thibault*